**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRIBUTE OF NEW YORK**                           **DECISION & ORDER**
_____

**IN RE:**

**RISING TIDE ENTERPRISE LLC,**                              CASE NO. 09-21123

                                                             **Chapter 7**

        Debtor.
_____

**IN RE:**

**MAINCLIFF PROPERTIES LLC,**                                CASE NO. 09-21124

                                                             **Chapter 7**

        Debtor.
_____

**IN RE:**

**LAWRENCE FRUMUSA**                                         CASE NO. 09-21126
**LAND DEVELOPMENT LLC,**
                                                             **Chapter 7**

        Debtor.
_____

**IN RE:**

**LAWRENCE FRUMUSA,**                                        CASE NO. 09-21527

                                                             **Chapter 7**

        Debtor.
_____

## BACKGROUND

Lawrence Frumusa ("Frumusa") filed a number of motions in this Court in the above Chapter 7 cases, which were heard and decided by the Court on January 13, 2010 (the "Hearing"), at which time the Court indicated that it would set forth its rulings in more detail in this Decision & Order.

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

The motions made by Frumusa, and the Court's rulings, are as follows:

I.  **Maincliff Properties LLC ("Maincliff")**

   A.  **Motion for Authority to Use Cash Collateral, Pursuant to Section 363(c) (for the purpose of retaining counsel for the Debtor), dated December 21, 2009 (the "Maincliff Cash Collateral Motion")**

   i.  **Decision**:

On October 29, 2009, United States District Judge Charles J. Siragusa entered a Decision & Order (the "District Court Order") in an appeal of one of this Court's orders in the Lawrence Frumusa Land Development LLC ("Land Development") case. The District Court Order held that Frumusa could not represent Land Development, since it was a limited liability company, which must be represented by an attorney.

This Court, in all respects, denies the Maincliff Cash Collateral Motion for the following reasons: (a) based upon the District Court Order, Frumusa had no standing to bring the Motion; (b) Section 363(c), specifically Subsection 363(c)(1), is only applicable in a Chapter 7 case when the Bankruptcy Court has authorized the operation of the debtor's business, pursuant to Section 721; and (c) Maincliff is currently a Chapter 7 case, with

**Page 2**

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

no business operations authorized by the Court pursuant to Section 363(c)(1).

**II.  Rising Tide Enterprise LLC ("Rising Tide")**

    **A.  Motion for Authority to Use Cash Collateral, Pursuant to Section 363(c) (for the purpose of retaining counsel for the Debtor), dated December 21, 2009 (the "Rising Tide Cash Collateral Motion")**

        **i.  Decision:**

This Court, in all respects, denies the Rising Tide Cash Collateral Motion for the following reasons: (a) based upon the District Court Order, Frumusa had no standing to bring the Motion; (b) Section 363(c), specifically Subsection 363(c)(1), is only applicable in a Chapter 7 case when the Bankruptcy Court has authorized the operation of the debtor's business, pursuant to Section 721; and (c) Rising Tide is currently a Chapter 7 case, with no business operations authorized by the Court pursuant to Section 363(c)(1).

**III. Lawrence Frumusa Land Development LLC**

    **A.  Motion for Authority to Use Cash Collateral, Pursuant to Section 363(c), (for the purpose of retaining counsel), dated December 21, 2009 (the "Land Development Cash Collateral Motion")**

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

    **i.** <u>**Decision**</u>**:**

This Court, in all respects, denies the Land Development Cash Collateral Motion for the following reasons: (a) based upon the District Court Order, Frumusa had no standing to bring the Motion; (b) Section 363(c), specifically Subsection 363(c)(1), is only applicable in a Chapter 7 case when the Bankruptcy Court has authorized the operation of the debtor's business, pursuant to Section 721; and (c) Land Development is currently a Chapter 7 case, with no business operations authorized by the Court pursuant to Section 363(c)(1).

  **B.** **Motion to Remove Trustee Michael H. Arnold ("Trustee Arnold"), dated December 23, 2009 (the "Removal Motion")**

    **i.** <u>**Decision**</u>**:**

This Court, in all respects, denies the Removal Motion for the following reasons: (a) pursuant to the District Court Order, Frumusa had no standing to bring the Motion on behalf of Land Development; and (b) none of the allegations set forth in the Motion demonstrate the cause required by Section 324 for the removal of a trustee, nor do they even warrant a further evidentiary hearing.

  **C.** **Motion Authorizing the Sale of Debtor's Property, Pursuant to Section 363(b), dated December 11, 2009 (the "Sale Motion")**

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

i. <u>Decision</u>:

This Court, in all respects, denies the Sale Motion for the following reasons: (a) pursuant to the District Court Order, Frumusa had no standing to bring the Motion on behalf of Land Development; (b) the property proposed to be sold under the Sale Motion has already been sold by Land Development's Chapter 7 Trustee, and the Order granting the sale was final and not appealed before the sale closed or otherwise; and (c) although Frumusa continuously refers to a creditor's committee and a permanent or elected trustee in the Land Development Chapter 7 case, in fact, no such committee or permanent or elected trustee has been properly constituted or elected pursuant to the requirements of the Bankruptcy Code and Rules, specifically Sections 341, 702 and 1102.

**D. Motion to Impose Sanctions Pursuant to Rule 9011 on Mr. Dove, Mr. Morgan, Mr. Adams, Trustee Lee E. Woodard ("Trustee Woodard") and Trustee Arnold, dated December 15, 2009 (the "Land Development Sanctions Motion")**

i. <u>Decision</u>:

This Court, in all respects, denies the Land Development Sanctions Motion for the following reasons: (a) pursuant to the District Court Order, Frumusa had no standing to bring the Motion on behalf of Land Development; (b) Frumusa failed

**Page 5**

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

to comply with the notice provisions of Rule 9011(c)(1)(A); (c) none of the pleadings filed by the respondents in the Land Development case, or their conduct, or the conduct of their attorneys, in hearings before this Court, would warrant the imposition by this Court, in its discretion, of sanctions under Rule 9011; and (d) although the prevailing parties to the Motion have requested reasonable expenses and attorneys' fees in opposing the Motion, the Court denies those expenses and fees, in part because Frumusa proceeded *pro se*; however, the Court hereby orders that no further sanction motions can be brought by Frumusa, directly or indirectly, on his or any other entity's behalf, in any of the above cases, including his individual case, unless he is represented by a licensed attorney, admitted in this Court, who signs the pleadings.

**IV. Lawrence Frumusa**

    **A. Motion for Authority to Use Cash Collateral, Pursuant to Section 363(c) (for the purpose of retaining counsel), dated December 21, 2009 (the "Frumusa Cash Collateral Motion")**

        **i. Decision**:

This Court, in all respects, denies the Frumusa Cash Collateral Motion for the following reasons: (a) Section 363(c), specifically Subsection 363(c)(1), is only applicable in a Chapter

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

7 case when the Bankruptcy Court has authorized the operation of the debtor's business pursuant to Section 721; and (b) Frumusa's case is currently a Chapter 7 case, with no business operations authorized by the Court pursuant to Section 363(c)(1).

    **B.    Motion to Impose Sanctions Pursuant to Rule 9011 on Attorney Zagraniczny, Attorney Mascitti and their Respective Clients, dated December 15, 2009 (the "Frumusa Sanctions Motion")**

        i.    <u>**Decision**</u>:

This Court, in all respects, denies the Frumusa Sanctions Motion for the following reasons: (a) Frumusa failed to comply with the notice provisions of Rule 9011(c)(1)(A); (b) none of the pleadings filed by the respondents in the Lawrence Frumusa case, or their conduct, or the conduct of their attorneys, in hearings before this Court, would warrant the imposition by this Court, in its discretion, of sanctions under Rule 9011; and (c) although the prevailing parties to the Motion have requested reasonable expenses and attorneys' fees in opposing the Motion, the Court denies those expenses and fees, in part because Frumusa proceeded *pro se*.

    **C.    Motion to Convert the Case From Chapter 7 to Chapter 13, dated December 15, 2009 (the "Conversion Motion")**

Case 2-09-21123-MJK    Doc 244    Filed 01/15/10    Entered 01/15/10 11:59:34    Desc Main Document      Page 7 of 10

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

   **i.   Decision:**

   This Court, in all respects, denies the Conversion Motion for the following reasons: (a) Section 706(d) requires that a debtor seeking authority to convert to Chapter 13 under Section 706(b), must be eligible to be a debtor under Chapter 13; and (b) at the time of the hearing on the Conversion Motion, Frumusa was not eligible to be a Chapter 13 debtor for the following reasons: (i) in order to be eligible to be a Chapter 13 debtor, Section 109(e) requires that the individual have regular income, but, at the Hearing, Frumusa acknowledged that, although he had prepetition income, he currently had no employment or regular income within the meaning and intent of Section 109(e); (ii) the debts which Frumusa listed on his original petition, and that were still in existence at the time of the hearing on the Conversion Motion, since Frumusa had not amended his schedules, exceeded the debt limits for a Chapter 13 debtor, as set forth in detail in Section 109(e); and (iii) Frumusa's atypical, bad faith conduct subsequent to the filing of the above four cases, including: (a) his failure to cooperate with the Office of the United States Trustee (the "UST"), Trustee Arnold and Trustee Woodard, including his failure to supply court-ordered documentation and to appear and fully testify at scheduled Section 341 Creditor's Meetings and Rule 2004 Examinations; (b) bringing countless frivolous motions,

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

applications and adversary proceedings in his above-captioned cases; and (c) the assertions of the UST at the time the Chapter 11 case was converted to a Chapter 7 case, that "they were unable to follow the money," would warrant the reconversion of any Chapter 13 case immediately to a Chapter 7 case, and, when taken together, constitute such bad faith, under the reasoning of the United States Supreme Court in <u>Marrama v. Citizens Bank</u>, 549 U.S. 365 (Supr. Ct. 2007) ("<u>Marrama</u>"), that results in Frumusa forfeiting any right to be a Chapter 13 debtor upon a conversion, especially since the Debtor's egregious post-petition conduct is much more serious in this Court's opinion than the prepetition conduct set forth in <u>Marrama</u>.

**V.    Further Relief**

**It is hereby ordered, adjudged and decreed** that no party, other than Trustee Arnold, including Frumusa or any alleged official creditor's committee or permanent or elected trustee, not represented by a licensed attorney admitted in this Court, who understands that he or she is bound by the provisions of Rule 9011, and who must sign any related pleadings, is permitted to file any motion, adversary proceeding or other application on behalf of Maincliff, Rising Tide or Land Development; and it is further

**Ordered, adjudged and decreed**, as set forth above in this Decision & Order, that Frumusa, in his individual case, is not

**BK. 09-21123, 09-21124, 09-21126, 09-21527**

authorized to file any sanctions motion, or application, affidavit, or adversary proceeding seeking sanctions, against anyone or any entity. Any such pleadings can only be filed by Trustee Woodard; and it is further

**Ordered** that the Clerk of the Bankruptcy Court for the Western District of New York is authorized to immediately return, without filing, any pleadings not authorized to be filed as set forth in the preceding two paragraphs.

**IT IS SO ORDERED.**

```
              /s/
    ```
**HON. JOHN C. NINFO, II**
**U.S. BANKRUPTCY JUDGE**

**Dated: January 15, 2010**